IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAK DABBAGUI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2739-B-BN |
| | § | |
| HALLIBURTON ENERGY SERVICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons stated below, the undersigned recommends that the Court transfer this action *sua sponte* to the Western District of Oklahoma under 28 U.S.C. § 1406(a).

**Applicable Background**

Plaintiff Zak Dabbagui, proceeding *pro se*, has filed a Title VII action against Halliburton Energy Service. *See* Dkt. Nos. 3, 8, 10, & 12. His amended complaint [Dkt. No. 10] appears to add or substitute at least four individual defendants, all associated with Halliburton. Dabbagui has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 5 & 11, but, because he also has paid the $400.00 filing fee, the Court should determine preliminarily that the IFP motions are moot. In screening this action as filed, it was apparent that venue likely was not proper in this district. The

undersigned issued a questionnaire to address this issue, *see* Dkt. No. 7, and Dabbagui has submitted a verified response, *see* Dkt. No. 12, which is discussed below.

## Legal Standards and Analysis

"Title VII contains a specific venue provision that displaces the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

> Section 2000e-5(f)(3) provides that
> 
> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*; *see also Dabney*, 2015 WL 4210988, at *2 ("As such, a given district is a proper

venue for a Title VII ... claim if the claim satisfies any one of three elements. First, venue is proper in any judicial district in the State where the alleged discrimination took place. Second, venue is proper in the district where relevant records are maintained and administered. Third, venue is proper in the district where the aggrieved person would have worked but for the alleged unlawful employment practice. Additionally, if the defendant is not found within any of the above-mentioned districts, venue is proper in the judicial district in which the defendant has its principal office." (citations and footnote omitted)).

Through his verified questionnaire responses Dabbagui makes clear that venue is not proper in the Northern District of Texas. First, he states that the alleged discrimination occurred in Duncan, Oklahoma and a shipyard in Navegantes, Brazil. *See* Dkt. No. 12 at 1. Second, Dabbagui states that the relevant documents are maintained and administered on Halliburton's IT systems, which are not alleged to be located in the Northern District of Texas, but Halliburton's principal office is alleged to be in Houston, Texas, in the Southern District of Texas. *See id.* at 2 & 4; 28 U.S.C. § 124(b)(2). Dabbagui alleges finally that but for the alleged unlawful employment practice(s) he would have worked in Duncan, Oklahoma. *See* Dkt. No. 12 at 3. Therefore, "[t]he Court must now determine whether to dismiss the case or transfer the action to a proper venue." *Dabney*, 2015 WL 4210988, at *4 (citing *Goldlawr v. Heiman*, 369 U.S. 463, 465-66 (1962) (noting that a court may utilize the venue statute to transfer an action filed in an improper venue to "avoid[ ] the injustice which had often

resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact")).

"[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *cf. Horseshoe*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

A district court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), and "[t]he district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) (citation omitted); *see Glazier Group, Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice." (citation and internal quotation marks omitted)); *see also Chenevert v. Springer*, Civ. A. No. C-09-35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) ("'Generally, the "interest of justice" instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them.'" (quoting

*James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002))).

Other courts have noted in cases similarly postured to this one that the interest of justice's transfer-over-dismissal preference "is especially true when the plaintiff files a complaint *pro se*." *James v. Verizon, Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (transferring a *pro se* Title VII action under Section 1406(a) after determining that, under Section 2000e-5(f)(3), venue was improper; citation omitted); *see also Dabney*, 2015 WL 4210988, at *4 (noting that a "mistake regarding filing in the proper venue ... may be considered to be excusable because *pro se* plaintiffs are not held to the same standard for formal legal filings, and Title VII/ADA claims have special venue restrictions beyond the general venue requirements" and ultimately concluding that, there, it was "in the interest of justice to allow Dabney an opportunity to transfer the claim to a proper venue" but that "the issue" of transfer over granting a pending motion to dismiss "may be reconsidered by the transferee court" (citations omitted)).

Here, in addition to Dabbagui's verifying that the alleged discrimination occurred in Duncan, Oklahoma and that but for the alleged unlawful employment practice(s) he would have worked in Duncan, the information that Dabbagui has so far filed with the Court makes it clear that Halliburton has substantial operations there, and the individual defendants listed in the amended complaint are all alleged to work in Duncan. Therefore, taking judicial notice that Duncan, Oklahoma is located in Stephens County, within the Western District of Oklahoma, *see* 28 U.S.C. § 116(c), the Court should conclude that the interest of justice favor the transfer of this action to

that district under Section 1406(a).

## Recommendation

The Court should find the motions for leave to proceed *in forma pauperis* to be moot and, in the interest of justice, should transfer this action *sua sponte* to the Western District of Oklahoma under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 25, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE